IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CR-140-WKW |
| | ) | |
| ANTWOIN HARBISON | ) | |

## ORDER

Defendant Antwoin Harbison ("Harbison") is charged with three counts, all of which relate to an alleged conspiracy to distribute cocaine base out of a residence in Prattville, Alabama. (*See* Superseding Indictment, Doc. # 127.) On August 16, 2011, Harbison filed a motion to suppress the evidence seized by the Government on three separate searches of the same residence, which occurred between April and July of 2010. (Suppression Motion, Doc. # 116.) The United States responded on October 27, 2011. (Doc. # 123.) A hearing was held on the Suppression Motion on November 1, 2011, and the parties filed a joint stipulation of facts following this hearing. (Doc. # 126.) On November 18, 2011, the Magistrate Judge filed a recommendation that Harbison's Suppression Motion be denied. (Recommendation, Doc. # 135.) Harbison objected to the Recommendation. (Doc. # 147.) The portions of the Recommendation to which a party objects are reviewed *de novo*. 28 U.S.C. § 636(b)(1). A *de novo* review of the record and law confirms that the Recommendation is due to be adopted and the objections overruled.

Harbison has three objections.  The first is to a statement in the Recommendation ("Statement," Doc. # 135, at 9) that "[t]he officers knew the residence was Harbison's."  (Doc. # 147 ¶¶ 1, 2.)  The second is that Harbison has sufficient standing to have an expectation of privacy in the residence.  (Doc. # 147 ¶ 5.)  The third is that the identifying information in the warrant was insufficient to identify the place to be searched, because there is another trailer with similar coloring and wooden steps located next to the residence that was searched.  (Doc. # 147 ¶ 7.)

Harbison's objection to the Statement in the Recommendation is due to be overruled.  The Statement was not meant to imply that Mr. Harbison was the owner or tenant of the residence.  Rather, it implied that the residence was the location where Mr. Harbison *resided* and was where he could be found.  The analysis in the Recommendation does not turn on or rely on any notion that Harbison was the actual owner of the residence, but merely that, given the previous surveillance, arrests of Harbison at the residence, and other information the police had and included in the warrant, it was reasonable for them to expect to find Harbison at the residence when they came to serve the third arrest warrant.  Therefore, this objection is due to be overruled.

The second objection was likely filed out of an abundance of caution for any implication that, by disavowing Harbison's status as an owner of the residence, he

might lose standing to file the Suppression Motion. Harbison's standing to contest the search is not in dispute, and this objection is due to be overruled as moot.

Harbison's final objection is to the particularity of the warrant. The facts supporting this objection were addressed by the Recommendation. Harbison's objection simply renews the arguments regarding the house number and the color of the trailer. Harbison does not address or discredit the other evidence supporting the warrant, including the investigation, extensive visual surveillance of the residence, the unique identifying nature of a vicious dog being chained to the porch during the service of the first warrant, and the particular knowledge of the officers who served the search warrants. The Recommendation addressed all of these factors in reaching its conclusions, and no new information is presented to upset its well-reasoned findings. The warrants were constitutional because, in the totality of the circumstances, they were sufficiently particular to identify the residence to be searched. Harbison's final objection is due to be overruled.

Upon an independent review of the law and facts supporting the other findings in the Recommendation to which there was no objection, the court finds that they also are due to be adopted.

Accordingly, it is ORDERED that:

    (1)    Harbison's objections (Doc. # 147) are OVERRULED; and

    (2)    The Recommendation (Doc. # 135) is ADOPTED, and the Suppression Motion (Doc. # 116) is DENIED.

DONE this 12th day of December, 2011.

                              /s/ W. Keith Watkins
                          CHIEF UNITED STATES DISTRICT JUDGE